IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| NEAL C. FELIX, | : | CIVIL ACTION |
| Plaintiff, | : | |
| v. | : | 09-3750 |
| ALBERT EINSTEIN HEALTHCARE NETWORK, | : | |
| Defendant. | : | |

**MEMORANDUM AND ORDER**

AND NOW, this 8th day of November 2010, having considered the Second Motion for Leave to Amend/Correct Complaint of Plaintiff Neal C. Felix ("Felix") (Docket No. 41) and the Response in Opposition of Defendant Albert Einstein Healthcare Network ("AEHN") thereto (Docket No. 42), it is hereby ORDERED that Felix's Motion is DENIED for the following reasons.

The Court should "freely give leave" for a party to file an amended pleading "when justice so requires." Fed. R. Civ. P. 15(a). The Court may deny a request to amend a pleading when the following circumstances exist: "'(1) the moving party has demonstrated undue delay, bad faith, or dilatory motives, (2) the amendment would be futile, or (3) the amendment would prejudice the other part[ies].'" Juan v. Sanchez, 339 F. App'x 182, 187 (3d Cir. 2009) (quoting Lake v. Arnold, 232 F.3d 360, 373 (3d Cir. 2000)). An amendment is considered futile "if the pleading, as amended, would not survive a motion to dismiss for failure to state a claim upon which relief could be granted." Smith v. NCAA, 139 F.3d 180, 190 (3d Cir.1998) (citing Foman v. Davis, 371 U.S. 178, 182 (1962)).

A Rule 12(b)(6) motion to dismiss tests the sufficiency of a complaint. Conley v. Gibson, 355 U.S. 41, 45-46 (1957). Although Rule 8 of the Federal Rules of Civil Procedure requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests," Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1964-65 (2007) (quoting Conley, 355 U.S. at 47), the plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. (citations omitted). Specifically, "[f]actual allegations must be enough to raise a right to relief above the speculative level . . . ." Id. at 1965 (citations omitted). To survive a motion to dismiss, a civil complaint must allege "factual content [that] allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (confirming that Twombly applies to all civil cases).

The Court "must only consider those facts alleged in the complaint and accept all of those allegations as true." ALA, Inc. v. CCAIR, Inc., 29 F.3d 855, 859 (3d Cir. 1994) (citing Hishon v. King & Spalding, 467 U.S. 69, 73 (1984)); see also Twombly, 127 S. Ct. at 1965 (stating that courts must assume that "all the allegations in the complaint are true (even if doubtful in fact)"). The Court must also accept as true all reasonable inferences that may be drawn from the allegations, and view those facts and inferences in the light most favorable to the non-moving party. Rocks v. Philadelphia, 868 F.2d 644, 645 (3d Cir. 1989). The Court, however, need not accept as true "unsupported conclusions and unwarranted inferences," Doug Grant, Inc. v. Greate Bay Casino Corp., 232 F.3d 173, 183-84 (3d Cir. 2000) (citing City of Pittsburgh v. West Penn Power Co., 147 F.3d 256, 263 n.13 (3d Cir. 1998)), or the plaintiff's "bald assertions" or "legal conclusions," Morse v. Lower Merion Sch. Dist., 132 F.3d. 902, 906 (3d Cir. 1997).

Thus far in this case, Mr. Felix, a *pro se* plaintiff, has filed a Complaint (Docket No. 3), a first Amended Complaint (Docket No. 4), a second Amended Complaint (Docket No. 7), a third Amended Complaint (Docket No. 32), and a fourth Amended Complaint (Docket No. 38). Initially, Mr. Felix's complaints identified 11 individual defendants and two corporate defendants, AEHN and Jefferson Health System ("JHS"). In his fourth Amended Complaint, Mr. Felix named AEHN as the sole defendant.

In his present Motion to Amend, Mr. Felix seeks to add as defendants JHS, Main Line Health ("MLH"), Thomas Jefferson University Hospital ("TJUH"), Aria Health System, formerly Frankford Health Care Systems ("FHCS"), Magee Memorial Hospital for Convalescents ("Magee"), and Montgomery Health System ("MHS") (collectively referred to as "proposed additional defendants"). Mr. Felix argues that while only "Respondent had involvement with the hiring issues in the failure to hire and the Title VII violations against [him]," he "presume[s] that each entity has corporate compliance programs to guard against impermissible motivations within the corporate structures." Mot. at ¶¶ 3, 4. Further, he seeks "to hold all Defendants liable in this matter of failure to hire and the Title VII violations, for not policing one another to insure total corporate compliance by all partners/all members of the joint venture." Id. ¶ 4.

While Mr. Felix uses language in his Motion to Amend the Complaint that indicates his lack of certainty as to his factual allegations (notably his presumption that "each entity has corporate compliance programs to guard against impermissible motivations within the individual corporate structures," Mot. at ¶ 4), he does not include such language in his proposed Amended Complaint.[1] In his proposed amended complaint, Mr. Felix alleges that AEHN failed to hire

---

[1] In its Response in Opposition, AEHN relies heavily on Mr. Felix's Motion, particularly his statements therein that only AEHN had involvement with the hiring issues and that he presumes all the proposed additional defendants had corporate compliance programs, to bolster its argument that Mr. Felix has failed to state a plausible claim against the proposed additional

3

him, in violation of Title VII. See Proposed Am. Compl., Docket No. 41-1, ¶¶ 8, 9. Mr. Felix contends that at the time he worked for "Respondent, there was a significant degree of interrelationship between" the proposed additional defendants and AEHN. Id. ¶ 41. Mr. Felix appears to allege that as a result of this "interrelationship," "[e]ach entity had the duty for care and to ensure that duty to all employees and to police one another to that end." Id. He further alleges that "[a]ll entities possess compliance programs [and thus] each entity should have known [of and] investigated the disparate conditions of [Willow Terrace, a facility at which he worked], and [his] Complaint to EEOC and U.S. District Court, and taken steps to correct the situation." Id. In so pleading, Mr. Felix does not allege that the proposed additional defendants took specific actions against him, but instead contends that they should be liable for their inaction in the face of AEHN's allegedly illegal employment decisions on account of the "interrelationship" between the entities. See id.

An employer, defined by statute as "a person engaged in an industry affecting commerce who has fifteen or more employees," may not fail or refuse to hire any individual because of that individual's race. 42 U.S.C. §§ 2000e, 2000e-2. In considering whether the allegations in Mr. Felix's proposed amended complaint would survive a motion to dismiss to determine whether those proposed amendments are futile, the Court must determine if Mr. Felix has sufficiently alleged that the proposed additional defendants are "employers" such that they might be held liable for the injury he alleges (i.e. the failure to hire). See Crosby v. UPMC, 2009 WL 735868, at *9-10 (W.D. Pa. Mar. 20, 2009). To determine when a conglomerate of entities can be considered a single employer in the context of an employment discrimination claim, the court considers whether "(1) a company has split itself into separate entities for the purpose of evading

---

defendants. See generally Def. Resp.

Title VII, (2) a parent company has directed a subsidiary's discriminatory acts, or (3) there is a substantive consolidation when the 'operations of the companies are so united that nominal employees of one company are treated interchangeably with those of another.'" Id. (citing Nesbit v. Gears Unlimited, Inc., 347 F.3d 72 (3rd Cir. 2003)). In a footnote to his proposed Amended Complaint, Mr. Felix notes that JHS, in the 2003-2004 time period, was the "sole corporate member of the parent companies of" AEHN, MLH, TJUH, and Magee.[2] See Proposed Am. Compl. at 21-22. However, Mr. Felix does not allege that JHS, or any of the other proposed additional defendants, either "directed [AEHN]'s discriminatory acts" or had operations "so united that the employees of one company [were] treated interchangeably with those of another." See Crosby, 2009 WL 735868, at *9.

Because the proposed Amended Complaint, viewed in a light most favorable to Mr. Felix, does not contain sufficient factual allegations to support finding the proposed additional defendants could be employers liable for the alleged adverse employment action, Mr. Felix's proposed amendments would not survive a motion to dismiss and are futile. Consequently, the Motion to Amend the Complaint is DENIED.

---

[2]In support of his allegations regarding the relationship between AEHN and the entities he seeks to name as additional defendants, Mr. Felix references in a footnote the Consolidated Financial Statements of Jefferson Health System, Inc., for the years ended June 30, 2004 and 2003. Consolidated Statements, *available at* http://www.jeffersonhealth.org/financial/2004/fy04_financials.pdf. In this document, JHS describes its organization and the nature of the operations and states that it "is the sole corporate member of the parent companies of each of the five member health systems," included in which are the current and proposed additional defendants AEHN, MLH, TJUH, and Magee. Id. at 6. As a "*pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers, we have carefully considered [footnote citations in] Plaintiff's Complaint in considering whether Plaintiff has, or could potentially, state a claim upon which relief may be granted." Distajo v. PNC Bank, N.A., 2009 WL 3467773, at *1, fn1 (E.D. Pa. Oct. 27, 2009) (citations omitted); see also In re Burlington Coat Factory Litig., 114 F.3d 1410, 1426 (3d Cir. 1997) (noting "that a document integral to or explicitly relied upon in the complaint may be considered without converting the motion [to dismiss] into one for summary judgment." (citations omitted)).

BY THE COURT:

S/Gene E.K. Pratter
GENE E.K. PRATTER
UNITED STATES DISTRICT JUDGE