IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| NEAL C. FELIX, | : | |
|     *Plaintiff*, | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| ALBERT EINSTEIN HEALTHCARE NETWORK, | : | No. 09-3750 |
|     *Defendant.* | : | |

**M E M O R A N D U M**

GENE E.K. PRATTER, J.,                                                                              FEBRUARY 16, 2012

**I.      INTRODUCTION**

*Pro se* plaintiff Neal Felix filed this employment discrimination case under Title VII of the Civil Rights Act of 1964 ("Title VII") and the Age Discrimination in Employment Act ("ADEA") against Albert Einstein Healthcare Network ("AEHN") claiming that AEHN discriminated against him on the basis of his race, age and gender by failing to hire him for 14 of 15 positions to which he applied between June 2007 and February 2008.

AEHN filed a motion for summary judgment. Sensing that the end of the road is near, Mr. Felix has filed three related civil actions and a bevy of largely repetitive and, at times, incomprehensible motions. Most recently, Mr. Felix filed a motion for sanctions against AEHN and its counsel, alleging a conspiracy to commit perjury, suborn perjury, and commit a fraud on the Court. AEHN responded with a motion to strike Mr. Felix's motion for sanctions.

1

All three motions are now before the Court. For the reasons that follow, the Court will grant AEHN's motion for summary judgment, and deny both the motion for sanctions and the motion to strike.

## II. FACTUAL AND PROCEDURAL BACKGROUND

### A. Factual Background

Mr. Felix, a 48-year-old African-American man,[1] worked for the Albert Einstein Medical Center Critical Care Unit as an Emergency Medical Technician driver through the Unit's sub-contractor, Em-Star. His job responsibilities included transporting patients from the Germantown Hospital Emergency Department to Albert Einstein Medical Center, among other things. Between June 2007 and February 2008, Mr. Felix applied for a total of 15 higher-paying positions within AEHN.

On June 13, 2007, Mr. Felix applied for six positions at AEHN: two Emergency Department Technician positions, a Patient Care Associate position, a Nursing Assistant position, a Medical Clerk position, and a Patient Escort position. However, AEHN did not offer any of these positions – or even offer an interview – to Mr. Felix. Mr. Felix admits that he did not tell AEHN recruiters his age or race prior to his rejection for these positions. The two successful candidates for the Emergency Department Technician positions were Guerray Sleet, a 51-year-old African-American man, and Nicholas Kurczewski, a 40-year-old white man. The successful applicant for the Patient Care Associate position was Jennifer Moses, a 26-year-old African-American woman. For the Nursing Assistant position, AEHN hired Ashley Rivera, a 21-

---

[1] Mr. Felix was 48 years of age at the time of the events alleged in his Complaint. He is now approximately 52 years old.

year-old Hispanic woman.  For the Medical Clerk position, AEHN hired Victoria Pascarella, a 24-year-old white woman.  Finally, for the Patient Escort position, AEHN hired Jean Pierre, a 31-year-old African-American man.

Between July 29, 2007 and September 6, 2007, Mr. Felix applied for five more positions with AEHN.  On July 29, 2007, Mr. Felix applied for a Certified Nursing Assistant position at AEHN's Willow Terrace facility.  Again, Mr. Felix was not offered an interview.  The successful candidate was Natasha Gaines, a 27-year-old African-American woman.  On August 24, 2007, Mr. Felix applied for three Patient Care Associate positions.  Once more, Mr. Felix was not selected to interview for these positions.  The successful candidates were Denise Spires, a 43-year-old African-American woman, Jean Williams, a 23-year-old African-American woman, and Marsha Hoyte, a 25-year-old African-American woman.  Mr. Felix applied for a Certified Nursing Assistant position at the Willow Terrace facility on September 6, 2007.  Mr. Felix again was not selected to interview, and instead AEHN offered the job to Desiree Palmer, a 41-year-old African-American woman.

At some point in time between July and September 2007, Mr. Felix testified that he had a telephone conversation with an AEHN recruiter, Ms. Kelly Hall, in which he complained that AEHN had hired two younger white individuals, Ms. Crystal Krzeminski and Mr. Dan Cohen, but had failed to hire him.  Mr. Felix admits that he did not tell Ms. Hall or any other AEHN recruiters his age or race during this phone conversation or at any other time.

On September 17, 2007, Mr. Felix applied for another Certified Nursing Assistant position at the Willow Terrace facility.  On this, his twelfth application, AEHN offered Mr. Felix

the job, and on October 1, 2007, Mr. Felix began working as a Certified Nursing Assistant at AEHN's Willow Terrace facility.

After being hired, Mr. Felix applied for three other jobs with AEHN in February 2008. On February 3, 2008, Mr. Felix applied for a Certified Nursing Assistant-Hospice position.[2] Although he was selected to interview for the job, AEHN offered the position to Patricia Lee, a 46-year-old African-American woman. On February 14, 2008, Mr. Felix applied for a Critical Care Associate position. Mr. Felix did not get called for an interview, and AEHN offered the position to George Wetzel, a 32-year-old white man. Finally, on February 15, 2008, Mr. Felix applied for an Emergency Department Technician position. Mr. Felix was selected to interview for the job, but AEHN offered the position to Karla Wilcher, a 39-year-old African-American woman. Mr. Felix admits that the primary, if not the sole, basis for his claims is that AEHN failed to hire him in retaliation for him informing Ms. Hall that he had reported AEHN to the EEOC for its hiring practices. Felix Dep. at 390-91.[3] Mr. Felix continued to work in his position as a Certified Nursing Assistant at Willow Terrace until his voluntary resignation on July 4, 2008.[4]

### B. Procedural History of the Litigation

Mr. Felix initiated this action against AEHN and Jefferson Health System on August 31, 2009. Since Mr. Felix commenced this lawsuit, he has filed a number of lengthy, duplicative, and unfocused complaints and motions against various parties. This Court has resolved the vast

---

[2] Mr. Felix's gender discrimination claim relates only to his failure to be hired for this position. Felix Dep. at 227.
[3] It is unclear from the record when Mr. Felix told Ms. Hall about his having spoken to the EEOC.
[4] Mr. Felix admits that AEHN never made any discriminatory comments to him based on his race or age.

4

majority of these filings in various orders issued between 2009 and today.  Of particular note, is the Court's August 2, 2010 Order (Docket No. 30), dismissing Mr. Felix's first Amended Complaint (Docket No. 27), which alleged failure to hire, segregation, and retaliation claims.  The Order permitted Mr. Felix to replead only the claims to which he had exhausted his administrative remedies, namely, his failure to hire claims.  Although Mr. Felix filed numerous complaints and motions to amend his complaint subsequent to Court's August 2, 2010 Order, the remaining complaint in this action was filed on September 7, 2010 (Docket No. 32) and names only AEHN as a defendant.

On January 28, 2011, the Court issued an Amended Scheduling Order instructing the parties to complete discovery by February 28, 2011, and to file motions for summary judgment by March 18, 2011.  The Order also instructed the parties to file responses to those motions by April 8, 2011.  On March 18, 2011, AEHN timely filed the instant motion for summary judgment (Docket No. 51).  On April 11, 2011, three days after the April 8, 2011 due date, Mr. Felix filed his opposition along with 26 accompanying exhibits (Docket No. 53).  AEHN filed a timely reply in support of its motion for summary judgment (Docket No. 54), and on April 25, 2011, the Court cancelled all remaining deadlines set in the Amended Scheduling Order.

Following the Court's receipt of two letters from Mr. Felix requesting permission to file a surreply, on May 20, 2011, Mr. Felix filed a self-styled "Affidavit/Affirmation in Opposition to Defendant's Motion [for Summary Judgment]" (Docket No. 56) attaching an additional 32 largely repetitive and curious exhibits more than one month after his response was due.  Five days later, AEHN filed a brief response (Docket No. 57), objecting to the admission of Mr.

Felix's Affidavit/Affirmation. The next day, Mr. Felix filed an additional affidavit (Docket No. 58) attempting to attach two more exhibits to his response.

Between May 31, 2011 and August 12, 2011, Mr. Felix filed a rash of motions including his own motion for summary judgment on June 6, 2011 (Docket No. 61), two and one half months after the March 18, 2011 deadline set by the Court.[5] In response, AEHN filed an opposition to Mr. Felix's untimely motion for summary judgment (Docket No. 62), to which Mr. Felix promptly filed a reply brief (Docket No. 63). AEHN also filed a motion to strike Mr. Felix's unauthorized filings, including his late responses to AEHN's motion for summary judgment, and Mr. Felix's affirmative summary judgment papers.

Ever mindful of Mr. Felix's *pro se* status, on December 12, 2011, the Court issued an Order denying Mr. Felix's motion for summary judgment as untimely, but noting that the Court would consider it and all supporting briefing as further opposition to AEHN's motion for summary judgment. With respect to the motion to strike, the Court ruled that it would consider the arguments against AEHN's motion for summary judgment contained in the late filings, but would not consider the filings insofar as they attempt to introduce new record evidence.

With a new year came new motions from Mr. Felix. On January 4, 2012, Mr. Felix filed a motion for sanctions (Docket No. 81) against AEHN and its counsel alleging a conspiracy to commit perjury, suborn perjury, and commit a fraud on the Court. Five days later Mr. Felix filed an addendum to that motion. In response, AEHN filed a motion to strike Mr. Felix's motion for sanctions (Docket No. 83).

---

[5] As detailed in the Court's December 12, 2011 Order, Mr. Felix also filed six discovery-like motions that the Court denied in an August 18, 2011 Order.

Now before the Court is AEHN's motion for summary judgment (Docket No. 51), Mr. Felix's motion for sanctions (Docket No. 81), and AEHN's motion to strike (Docket No. 83).

### III. MOTION FOR SUMMARY JUDGMENT

#### A. Summary Judgment Standard

Upon motion of a party, summary judgment is appropriate if, "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations, . . . admissions, interrogatory answers, or other materials," the moving party persuades the district court that "there exists no genuine issue of material fact that would permit a reasonable jury to find for the nonmoving party." FED. R. CIV. P. 56(c); Miller v. Ind. Hosp., 843 F.2d 139, 143 (3d Cir. 1988). An issue is "genuine" if a reasonable jury could possibly hold in the non-movant's favor with regard to that issue. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A fact is "material" only if its resolution could affect the result of the suit under governing law. Id.

In evaluating a summary judgment motion, the court "must view the facts in the light most favorable to the non-moving party," and make every reasonable inference in that party's favor. Hugh v. Butler Cty. Family YMCA, 418 F.3d 265, 267 (3d Cir. 2005). If, after making all reasonable inferences in favor of the non-moving party, the court determines that there is no genuine issue of material fact, summary judgment is appropriate. Celotex Corp. v. Catrett, 477 U.S. 217, 322 (1986); Wisniewski v. Johns-Manville Corp., 812 F.2d 81, 83 (3d Cir. 1987).

The party opposing summary judgment must support each essential element of that party's opposition by "citing to particular parts of materials in the record." FED. R. CIV. P.

56(c)(1). "The Court need consider only the cited materials" when determining whether there exists a genuine issue of material fact for trial. FED. R. CIV. P. 56(c)(3). If the cited evidence is "merely colorable, or is not significantly probative, summary judgment may be granted." Anderson, 477 U.S. at 249-50 (citations omitted). This requirement upholds the "underlying purpose of summary judgment [which] is to avoid a pointless trial in cases where it is unnecessary and would only cause delay and expense." Walden v. Saint Gobain Corp., 323 F. Supp. 2d 637, 641 (E.D. Pa. 2004) (citing Goodman v. Mead Johnson & Co., 534 F.2d 566, 573 (3d Cir. 1976)).

**B.    Discussion**

This Court applies the so-called McDonnell Douglas burden-shifting analysis to claims of discrimination under both Title VII and the ADEA. See McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802-03 (1973). Under this framework, Mr. Felix must first establish a *prima facie* case of discrimination by a preponderance of the evidence. St. Mary's Honor Ctr. v. Hicks, 509 U.S. 502, 506 (1993). To establish a *prima facie* case of discrimination based on a failure to hire, Mr. Felix must prove that (1) he is a member of protected class,[6] (2) he was qualified for the position sought, (3) he was rejected despite being qualified, and (4) under circumstances that raise an inference of discriminatory action, the employer continued to seek out individuals with qualifications similar to Mr. Felix's to fill the position or treated more favorably those not in the protected class. Sarullo v. U.S. Postal Serv., 352 F.3d 789, 797 (3d Cir. 2003); see also Maxwell v. Springer, 274 F. App'x 186, 188 (3d Cir. 2008); Waris v. Heartland Home Healthcare Servs.,

---

[6] For the purposes of the ADEA, an individual is a member of a protected class if he is 40 years of age or older. See 29 U.S.C. § 631.

Inc., 365 F. App'x 402, 404 (3d Cir. 2010).[7] In the event Mr. Felix establishes a *prima facie* case of discrimination, the burden shifts to AEHN "to articulate some legitimate, nondiscriminatory reason for the employee's rejection." Shaner v. Synthes, 204 F.3d 494, 500 (3d Cir. 2000) (citing McDonnell Douglas, 411 U.S. at 802). Should AEHN carry its burden to present a non-discriminatory reason for the decision not to hire, Mr. Felix then must prove by a preponderance of the evidence that the legitimate reasons offered by AEHN were a pretext for discrimination. Id.

AEHN asserts that Mr. Felix is unable to establish a *prima facie* case of age, race, or gender discrimination because he fails to put forth any evidence raising an inference of discriminatory action on the part of AEHN when it failed to hire him for any of the positions to which Mr. Felix applied.[8] Because Mr. Felix is unable to establish a *prima facie* case of race, age, or gender discrimination, the Court grants AEHN's motion for summary judgment.

1. **June 13, 2007 Positions**

On June 13, 2007, Mr. Felix applied for six positions with AEHN including two Emergency Department Technician positions, a Patient Care Associate position, a Nursing

---

[7] The *prima facie* standard is flexible and must be tailored to the specific context of the case before the court. Sarullo, 352 F.3d at 798. The Third Circuit has made clear that the showing required to satisfy the fourth element of a plaintiff's *prima facie* case will vary depending upon the circumstances. Pivirotto v. Innovative Sys., Inc., 191 F.3d 344, 357 (3d Cir. 1999). Here, because Mr. Felix does not allege that AEHN continued to seek out individuals to fill the position after rejecting him, but rather simply hired other individuals who applied for the same positions, the Court will examine the fourth factor of the *prima facie* test with reference to whether AEHN treated individuals not in Mr. Felix's protected classes more favorably in such a way as to raise an inference of discrimination.

[8] The Court would be remiss not to note that in his initial opposition to AEHN's motion for summary judgment, Mr. Felix unambiguously agreed with each and every numbered paragraph of AEHN's statement of facts. Although he attempts to "qualify" his agreement for certain paragraphs, none of his qualifying remarks create any material or genuine factual disputes. Accordingly, there are no genuine issues of material fact in dispute.

Assistant position, a Medical Clerk position, and a Patient Escort position. Although AEHN did not hire Mr. Felix for any of these positions, Mr. Felix has failed to produce any evidence that raises an inference that AEHN acted in a discriminatory manner when it failed to hire him for these jobs. To the contrary, the evidence suggests that AEHN did not act in a discriminatory manner.

First, Mr. Felix admitted at his deposition that he has no factual basis to support his position that AEHN recruiters were aware of his race or age when they evaluated his applications for the June 13, 2007 positions. Felix Dep. at 251. In fact, Mr. Felix admits that he never told Einstein recruiters his age or race, and offers no evidence beyond his personal bare conclusions that AEHN chose not hire him because of his age or race. Felix Dep. at 257-58. It is logically impossible for an employer to discriminate against a job applicant on either of these bases if the employer is unaware of the applicant's race or age. See Ladd v. Boeing Co., No. 06-28, 2008 WL 375725, *11 (E.D. Pa. Feb. 8, 2008) (citing Robinson v. Adams, 847 F.2d 1315, 1316 (9th Cir. 1988)); see also Sarullo, 352 F.3d at 799 ("Absent knowledge of [the plaintiff's] age, [the defendant's] decision not to [hire] him does not raise an inference of age discrimination."); Gomez v. Med. College of Pa., No. 92-5048, 1994 WL 423847, at *3 n.7 (E.D. Pa. Aug. 12, 1994) (An employer "must be subjectively aware of [the plaintiff's race] in order to intentionally discriminate" on that basis). Mr. Felix argues that AEHN could deduce that he was over 40 years of age from his resume, which stated he went to college in 1980-1984 and that he served as a Music Librarian at the Milton Hershey School from 1975-1977. Felix Dep. at 399. Even if the Court assumed that the AEHN recruiters calculated Mr. Felix's approximate age from his resume, at the very most, it would merely suggest that AEHN had a ballpark estimate of Mr.

10

Felix's age. However, Mr. Felix has failed to offer any evidence suggesting that AEHN attempted to make such a calculation, much less act upon it.

Second, presuming *arguendo* that AEHN was aware of Mr. Felix's age and race, mere knowledge on the part of an employer is insufficient to establish the necessary "causal nexus between his membership in a protected class and the decision not to hire him," to make out a *prima facie* case of discrimination under Title VII or the ADEA. Iyer v. Everson, 238 F. App'x 834, 836 (3d Cir. 2007) (citing Sarullo, 352 F.3d at 798). Indeed, under the ADEA, age must be the "but for" cause of the employer's decision not to hire. Gross v. FBL Fin. Servs., Inc., 129 S. Ct. 2343, 2351 (2009). Here, the only evidence Mr. Felix presents in support of such a causal connection is his own assertion that he was not hired on account of his race and age. Mr. Felix's personal conclusions alone are insufficient to meet his *prima facie* burden.

Third, three of the six successful candidates for the June 13, 2007 positions were African-American,[9] and two of the six individuals were 40 years of age or older, one of them being older than Mr. Felix. See, e.g., Beaubrun v. Thomas Jefferson Univ., 578 F. Supp. 2d 777, 783 (E.D. Pa. 2008) (noting that an employee failed to raise an inference of discrimination when she was replaced by a person of the same race); Kidane v. Nw. Airlines Inc., 41 F. Supp. 2d 12, 17 (D.D.C. 1999) (failing to raise an inference of discrimination where one is replaced by a person

---

[9] Mr. Felix raised at his deposition for the first time that AEHN discriminated against him on the basis that he is an "honorary Jewish person." First, Mr. Felix is not in fact Jewish. Second, although he listed "honorary Jewish person" under the "Honors" section of his resume, Mr. Felix has failed to present any evidence that AEHN perceived him as an actual Jewish person or that he was discriminated against on that basis. Third, Mr. Felix failed to exhaust his administrative remedies with respect to race discrimination on the basis of being an "honorary Jewish person." See Fullman v. Phila. Int'l Airport, 49 F. Supp. 2d 434, 442 (E.D. Pa. 1999) (citing Glus v. G.C. Murphy Co., 562 F.2d 880, 888 (3d Cir. 1977)). The only basis for race discrimination discussed in Mr. Felix's PCHR charge was his actual race – African-American. Accordingly, the Court will not consider Mr. Felix's arguments with respect to being an "honorary Jewish person."

of their own race). Although AEHN's hiring of some members of Mr. Felix's protected class for positions to which he applied is not dispositive in of itself, it is suggestive that AEHN did not act in a discriminatory manner when it failed to hire him.

Accordingly, Mr. Felix has failed to raise an inference of discriminatory conduct on the part of AEHN.[10]

### 2. July 29, 2007 – September 6, 2007 positions

Between July 29, 2007 and September 6, 2007, Mr. Felix applied for five positions at AEHN: two Certified Nursing Assistant positions and three Patient Care Associate positions. Mr. Felix was not hired for any of these positions. As with the June 13, 2007 positions, Mr. Felix is unable to present any record evidence raising an inference of discriminatory conduct on the part of AEHN when it failed to hire him for these five positions. Indeed, the evidence put forth by Mr. Felix in support of his race and age discrimination claims for these positions is nearly as deficient as the evidence put forth in support of the June 13, 2007 positions.

First, Mr. Felix asserts that AEHN must have known his race and age when he applied for these positions on the basis of highly dubious circumstantial evidence. With respect to his age, Mr. Felix again relies on his claim that AEHN should have known he was over 40 years of age based on his resume. However, for the reasons discussed above, and Mr. Felix's admission that he never actually told AEHN recruiters his age, Mr. Felix cannot raise a genuine factual dispute

---

[10] Even if the Court were to find that Mr. Felix had established a *prima facie* case of discrimination, which it does not, Mr. Felix is unable to rebut AEHN's legitimate reasons for declining to hire him. Documents and testimony indicate that AEHN recruiters felt that based on his resume, Mr. Felix's work history was "poor" and that his experience was limited to "transport experience." AEHN Exs. A-1; B; C. Mr. Felix has failed to offer competent evidence rebutting AEHN's legitimate reasons for failing to hire him for these positions.

as to whether AEHN was actually aware of Mr. Felix's age when it made its decision not to hire him. Felix Dep. at 257-58. Accordingly, Mr. Felix fails to raise an inference of discriminatory conduct on the part of AEHN.

With respect to his race, Mr. Felix relies on his testimony that he had a telephone conversation with an AEHN recruiter, Ms. Hall, in which he complained that AEHN hired two younger, white individuals for positions similar to the ones to which he applied. According to Mr. Felix, Ms. Hall likely assumed that he raised this issue with her because he was African-American. Felix Dep. at 249, 258. Although Mr. Felix may see the world only in black and white, the world, and likely AEHN's applicant pool, is far more diverse than Mr. Felix's argument suggests. Indeed, Ms. Hall just as easily could have presumed Mr. Felix was Hispanic, Asian, or any of a number of other national or ethnic or racial origins.[11] This conversation hardly establishes that AEHN was aware of Mr. Felix's race at the time it made its hiring decisions. Even if the Court were to assume that Ms. Hall made this connection, as noted above, mere knowledge of an applicant's race or age, without more, is insufficient to establish that an employer acted in a discriminatory manner.

Second, Mr. Felix argues that these two younger white people, Ms. Crystal Krzeminski and Mr. Dan Cohen, who were the subject of his conversation with the AEHN recruiter, are appropriate comparators to support his claim that AEHN treated individuals not in his protected class more favorably. However, Ms. Krzeminski and Mr. Cohen are not similarly situated to Mr. Felix. Mr. Cohen was hired for a Patient Care Associate position in a different unit, in March

---

[11] When asked at his deposition why Ms. Hall would not have assumed that Mr. Felix was Hispanic, Asian, or of any other national origin, Mr. Felix responded that she at least assumed that he was "a non-white person." Felix Dep. at 249.

2007, *three months before* Mr. Felix even applied for his first Patient Care Associate position. Ms. Krzeminski is also incomparable to Mr. Felix as she did not apply or seek consideration for the same positions as Mr. Felix.[12] While Mr. Felix may be frustrated that two younger white individuals were hired by AEHN, he did not apply for either of their positions, and therefore, neither Ms. Krzeminski nor Mr. Cohen are similarly situated to Mr. Felix.

Nevertheless, even if the Court were to assume that Ms. Krzeminski and Mr. Cohen were similarly situated to Mr. Felix, "[i]t is well established . . . that a plaintiff cannot selectively pick out one comparator when others are available." Raffaele v. Potter, No. 09-3622, 2012 WL 33035, at *6 (E.D. Pa. Jan. 6, 2012) (quoting Simpson v. Kay Jewelers, 142 F.3d 639, 645 (3d Cir. 1998) (holding that a "plaintiff cannot pick out one comparator who was [treated more favorably] amid a sea of persons treated the same")). Here, with respect to the positions to which Mr. Felix actually applied, all five of the successful applicants were African-American. Considering that all five positions were filled by individuals of the same race as Mr. Felix, and Mr. Felix has failed to put forth any other evidence that could raise an inference of racial discrimination, Mr. Felix has failed to satisfy his *prima facie* burden on his race discrimination claim.[13]

---

[12] Likewise, Ms. Krzeminski was employed by AEHN as an Emergency Department Technician whereas Mr. Felix was employed by Em-Star, not AEHN, as an Emergency Medical Technician out of the Germantown Emergency Department. Accordingly, Ms. Krzeminski and Mr. Felix were employed by two separate and distinct entities and had different supervisors. Mr. Felix argues at length that because he and Ms. Krzeminski had the same health insurance plan that they are similarly situated. However, even if Ms. Krzeminski and Mr. Felix were on the same health care plan, a contention that AEHN disputes, it is irrelevant to whether they are similarly situated for the purposes of this failure to hire claim.

[13] Even if the Court were to assume that Mr. Felix established a *prima facie* case, the record evidence establishes that AEHN had legitimate non-discriminatory reasons for declining to hire him. Documents and testimony indicate that AEHN recruiters felt that based on his resume, Mr. Felix's work history was "poor" and that his experience was limited to "transport experience." AEHN Exs. A-1; B; C. Mr. Felix has failed to offer competent evidence rebutting AEHN's legitimate reasons for failing to hire him for these positions. Regardless, it bears noting that Mr. Felix was hired for the next Certified Nursing Assistant position with AEHN to which he applied.

### 3. February 2008 positions

In February 2008, Mr. Felix applied for positions as a Certified Nursing Assistant - Hospice, a Critical Care Associate, and an Emergency Department Technician. After interviewing for two of these positions, AEHN did not hire Mr. Felix for any of these jobs. However, Mr. Felix fails establish a *prima facie* case of discrimination or raise any genuine issue of material fact that would preclude summary judgment in AEHN's favor.

First, Mr. Felix admitted during his deposition, and argues in response to AEHN's motion, that he was not hired for these February 2008 positions in retaliation for telling AEHN that he had contacted the EEOC. Felix Dep. at 390-391. However, Mr. Felix failed to exhaust his administrative remedies with regard to his retaliation claims. He admits as much in his opposition to AEHN's motion for summary judgment where he noted, "I did not present a retaliation claim to EEOC/PCHR, it is not proper before this Court . . . ." Felix Opp. at 30. In the Court's August 2, 2010 Order dismissing Mr. Felix's first Amended Complaint, it permitted Mr. Felix to replead only those claims which he had previously exhausted (i.e., his failure to hire claims). Accordingly, insofar as Mr. Felix's claims relating to the February job openings are based on a retaliation theory, they are not properly before the Court. See Sanders v. Nicholson, 316 F. App'x 161, 163 n.5 (3d Cir. 2009).

Second, assuming that Mr. Felix's claims relating to the February 2008 job openings sound in failure to hire on the basis of race, age, and gender discrimination, the Court finds that Mr. Felix fails to present any evidence suggesting that AEHN's failure to hire him was discriminatory in nature. Although the parties do not dispute that by February 2008 – or at the

very least after he interviewed for the positions – AEHN recruiters knew of Mr. Felix's race and approximate age, Mr. Felix again fails to offer any competent evidence suggesting that he was not hired on the basis of these characteristics. Mr. Felix's entire argument is premised on the fact that he is African-American, he is over 40 years of age, and he was not hired. As previously noted, mere knowledge of the applicant's race or age, without more, is insufficient to raise an inference that the decision not to hire the individual was because of those characteristics. Here, two of the three successful applicants were African-American, and one of them was only two years Mr. Felix's junior. Considering that Mr. Felix offers no additional evidence to support his claim, the Court must conclude that he has failed to establish a *prima facie* case of age or race discrimination.

With regards to the Certified Nursing Assistant – Hospice position, Mr. Felix also alleges that AEHN declined to hire him on account of his gender. In order to raise an inference of discrimination, Mr. Felix "must present sufficient evidence to allow a fact finder to conclude that the employer is treating some people less favorably than others under similar circumstances, based upon [gender]." See Maxwell, 274 F. App'x at 188 (citing Iadimarco v. Runyon, 190 F.3d 151 (3d Cir. 1999)). The only evidence Mr. Felix presents in support of his gender discrimination claim is that AEHN hired a woman for the position at issue and did not hire him. Without more, Mr. Felix is unable to establish a *prima facie* case of reverse gender discrimination.[14]

---

[14] Even if the Court were to take a monumental leap and assume that Mr. Felix *has* established a *prima facie* case of discrimination under any of his three theories, the record evidence makes clear that AEHN had multiple, un-rebutted, legitimate reasons for failing to hire Mr. Felix. Both documents and testimony presented by AEHN make clear that Mr. Felix was not selected for the CNA – Hospice position because the manager felt he would not adapt well to the new role. AEHN Ex. A.1. Likewise, both testimony of Ms. Kelly Morrison and Ms. Patricia Lynch, as well as documentary evidence, establish that AEHN did not hire Mr. Felix because in the interview (1) he was over-confident, (2) he gave long-winded answers to questions but never really answered the questions, (3) he was unkempt

\* \* \*

For the foregoing reasons, the Court concludes that Mr. Felix has failed to raise any issue of material fact that could permit a reasonable jury to find in its favor. Accordingly, the Court will grant AEHN's motion for summary judgment.

### IV. MOTION FOR SANCTIONS

Following the Court's dismissal of two of Mr. Felix's related cases (C.A. Nos. 11-4094 and 11-4601), Mr. Felix filed a generalized motion for sanctions against AEHN. He accuses AEHN, its employees, and its counsel, Pepper Hamilton, of a mass conspiracy to commit perjury, suborn perjury, and commit a fraud on the Court. Mr. Felix requests sanctions of $5,000 from each of 47 listed AEHN and Pepper Hamilton employees.

Mr. Felix fails to specify whether he pursues sanctions against AEHN under Rule 11, Rule 37, or any other of the Federal Rules of Civil Procedure. A party may move for Rule 11 sanctions in situations where the opposing party makes a false representation to the court. See FED. R. CIV. P. 11. "Rule 11 is intended for only exceptional circumstances." Rose v. Rothrock, No. 08-3884, 2009 WL 1175614, at *10 (E.D. Pa. Apr. 29, 2009) (quoting Morristown Daily Record, Inc. v. Graphic Comm. Union, Local 8N, 832 F.2d 31, 32 n.1 (3d Cir. 1987)). Courts evaluate motions for Rule 11 sanctions by examining whether the litigants or attorneys acted objectively reasonable under the circumstances. Bus. Guides, Inc. v. Chromatic Commc'ns

---

in appearance, (4) he spoke of "assessments" that were outside of his job description, (5) he gave the impression he would overstep his bounds, and (6) he gave the impression he could not keep up with the fast pace of the emergency department. See Felix Ex. 56-8. Mr. Felix offers no evidence to rebut the reasons for failing to hire posited by AEHN.

Enter., Inc., 498 U.S. 533, 551 (1991); Gaiardo v. Ethyl Corp., 835 F.2d 479, 482 (3d Cir. 1987). A party may move for Rule 37 sanctions where the opposing party or witness fails to obey a court order to provide or permit discovery. See FED. R. CIV. P. 37. Courts are vested with broad discretion in determining whether and what Rule 37 sanctions are appropriate. See Wright & Miller, Federal Practice & Procedure § 2284 (3d ed. Supp. 2011).

Irrespective of which specific rule he invokes, Mr. Felix's motion for sanctions is frivolous, and stands as yet another last ditch effort on the part of Mr. Felix to avert summary judgment. Mr. Felix's motion is based entirely on his disagreement with the substance of deposition testimony of AEHN witnesses and his dismay for the seemingly inevitable conclusion to be drawn from the record evidence presented by AEHN on its motion for summary judgment. It is not grounded in facts establishing any misconduct on the part of AEHN, its employees, or its counsel. Mr. Felix has not a shred of evidence to support his motion other than his own assertions and conclusions.

While the Court has afforded Mr. Felix more than the requisite latitude to be given a *pro se* litigant, see, e.g., Higgins v. Beyer, 293 F.3d 683, 688 (3d Cir. 2002) (noting that a *pro se* submissions must be "liberally construed"), his *pro se* status does not entitle him to file patently baseless motions that so impugn the honesty and integrity of his adversaries.

Accordingly, the Court denies Mr. Felix's motion for sanctions.[15]

---

[15] In light of the Court's denial of Mr. Felix's motion for sanctions, the Court then will also deny AEHN's motion to strike as moot.

## V. CONCLUSION

For the foregoing reasons, the Court concludes that Mr. Felix has failed to raise any issue of material fact that could permit a reasonable jury to find in its favor. Accordingly, the Court will grant AEHN's motion for summary judgment and will deny Mr. Felix's motion for sanctions and AEHN's motion to strike.

An appropriate Order consistent with this Memorandum follows.

BY THE COURT:

S/Gene E.K. Pratter
GENE E.K. PRATTER
UNITED STATES DISTRICT JUDGE